IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN W. TAYLOR,

                Plaintiff,                       CV-08-383-ST

       v.                                    FINDINGS AND RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner of Social Security,

                Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Steven W. Taylor, brings this action for judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 USC §§ 401-33. He requests either an award of benefits or, in the alternative, a remand to the Appeals Council to treat his appeal as timely filed. The Commissioner has filed a Motion to Dismiss (docket #8) based on a lack of subject matter jurisdiction and failure to exhaust administrative remedies.

1 - FINDINGS AND RECOMMENDATION

That motion should be denied, and this case should be remanded to the Appeals Council for review pursuant to 20 CFR §§ 404.967-.968.

## **BACKGROUND**

Plaintiff filed an application for disability benefits with a prospective filing date of December 22, 1999. On March 29, 2006, an administrative law judge ("ALJ") issued an unfavorable decision and denied benefits. The ALJ sent a copy of the decision to plaintiff's attorney with a Notice of Decision advising that plaintiff had the right to file an appeal to the Appeals Council within 60 days from date of receipt of the decision and that his date of receipt would be assumed to be five days after the date of the Notice. In order to be timely, plaintiff's request for review had to be filed by June 2, 2006. The Notice instructed plaintiff either to file his request at a local Social Security office or a hearing office or to mail it to the Appeals Council in Falls Church, Virginia. The Notice also informed plaintiff that the Appeals Council would dismiss a late request unless he showed a good reason for not filing it on time.

On October 18, 2006, plaintiff's attorney sent a letter by facsimile to the Appeals Council asking about the status of the request for hearing tapes and exhibits sent on April 24, 2006. Attached were two documents: (1) a copy of his letter to the Appeals Council dated April 24, 2006, enclosing plaintiff's Request for Review and requesting copies of the hearing tapes and exhibits; and (2) the Request for Review of Hearing Decision/Order signed by plaintiff on April 25, 2006.

By letter dated February 5, 2007, the Appeals Council sent copies of the exhibits and duplicate tapes to plaintiff's attorney. It allowed plaintiff 25 days to submit more information.

2 - FINDINGS AND RECOMMENDATION

On November 2, 2007, the Appeals Council wrote to plaintiff, advising that his request for review was filed late and advising him to send a statement of reasons why it was not timely filed with supporting evidence. In response, plaintiff's attorney sent a letter dated November 15, 2007, to the Appeals Council attaching an affidavit from his assistant, Joni S. Arappagis, attesting that the April 24, 2006, letter was "sent out by 1st Class mail, in accordance with our normal office procedures" to the Appeals Council.[1] On October 18, 2006, the office tickler system showed that the requested exhibits and tapes had not yet arrived, prompting her to send another letter by facsimile to the Appeals Council inquiring when they might be expected.

By Order dated December 11, 2007, the Appeals Council dismissed plaintiff's Request for Review. It explained that the affidavit of Ms. Arappagis did not contain "any evidence of a timely filed request for review" and found "no good cause to extend the time for filing." On March 26, 2008, plaintiff filed this action.

## **FINDINGS**

The Commissioner moves to dismiss this action because plaintiff failed to exhaust his administrative appeal remedies, thus depriving this court of subject matter jurisdiction under 42 USC § 405(g). The Commissioner also contends that plaintiff's claim is not collateral to his claim for benefits and, therefore, waiver of the exhaustion requirement is not available.

In response, plaintiff argues that his Request for Review was timely mailed pursuant either to an admission by the Appeals Council or the "mailbox rule." In the alternative, he contends that he has met the requirements for waiver of the exhaustion requirement. Asserting

---

[1] No explanation is given why the Request for Review is signed by plaintiff the day after the cover letter was mailed.

that the Appeals Council erroneously refused to review his case, he asks the court to assume mandamus jurisdiction under 28 USC § 1361 and order remand for review.

## I. Exhaustion of Administrative Remedies

### A. Legal Standards

Judicial review is only authorized for a "final decision of the Commissioner of Social Security made after a hearing." 42 USC § 405(g).  A final decision consists of "(1) the presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F3d 1078, 1083 (9th Cir 2003), citing *Johnson v. Shalala*, 2 F3d 918, 921 (9th Cir 1993). The parties agreed that plaintiff met the presentment requirement, but dispute whether he exhausted his administrative remedies.

Under the regulations promulgated by the Social Security Administration, a claimant who is dissatisfied with an ALJ's decision can request review by the Appeals Council. A request for review must be filed within 60 days after the date the claimant receives notice of the ALJ's decision. 20 CFR §§ 404.967-.968. "The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge." 20 CFR § 404.967. The Appeals Council will dismiss a request for review if the filing was untimely and if the time for filing is not extended. 20 CFR § 404.971. The dismissal of a request for Appeals Council review is binding and not subject to further review. 20 CFR § 404.972. In the Ninth Circuit, "Appeals Council decisions to refrain from considering untimely petitions for review are not final decisions subject to review in federal court." *Matlock v. Sullivan*, 908 F2d 492, 493 (9th Cir 1990).

///

4 - FINDINGS AND RECOMMENDATION

B. **Exhaustion by Admission**

Plaintiff appears to argue that he exhausted his administrative remedies based on an admission by the Appeals Council that his appeal was timely filed. That purported admission is the February 5, 2007 letter from the Appeals Council enclosing copies of the hearing tapes and exhibits and granting plaintiff an extension of time in which to submit more evidence or argument. Plaintiff construes the letter to be an admission of timely filing because it acknowledges receipt of the Request for Review and fails to mention any possible untimeliness issue.

Contrary to plaintiff's characterization, the letter shows no purported acknowledgment that it timely received the Request for Review. Instead, it was simply responding to the October 18, 2006 letter from plaintiff's attorney asking about the status of his April 24, 2006 request for hearing tapes and exhibits. Although a copy of plaintiff's Request for Review was enclosed in the October 18 letter, the Appeals Council's response did not refer to it and simply invited plaintiff to submit more "new and material" information. Nothing can be read into that correspondence from the Appeals Council to show it deemed plaintiff's appeal to be timely filed.

C. **Exhaustion by "Mailbox Rule"**

In the alternative, plaintiff argues that he has presented evidence of timely filing based on the common law "mailbox rule." The Notice of Decision instructed plaintiff to either file a request for review "at any local Social Security office or a hearing office" or to "mail [his] request right to the Appeals Council" office in Falls Church, Virginia. Thus, according to the Commissioner's own instruction, mailing is an acceptable method of filing. *See Dietsch v.*

*Schweiker,* 700 F2d 865, 868-69 (2nd Cir 1983) (a request for review is deemed filed when mailed).

The common law "mailbox rule" raises a presumption of mail receipt unless the intended recipient rebuts the presumption by producing credible, probative evidence of non-receipt. *Schikore v. BankAmerica Supplemental Retirement Plan,* 269 F3d 956, 963 (9th Cir 2001) (applying the mailbox rule in context of ERISA claims). If the sender shows enough evidence to raise the presumption, then the addressee bears the burden of showing that the document never arrived. *Id*. Merely stating that the document cannot be found in the addressee's records is not sufficient to rebut the presumption. *Id* at 694. S*ee also Anderson v. United States,* 966 F2d 487, 492 (9th Cir 1992) (IRS did not rebut presumption of timely receipt with sufficient evidence that it did not receive taxpayer's return); *Sandoval v. Astrue*, 2008 WL 3545760, *3 (ED Wa Aug. 8, 2008) (Social Security Administration did not rebut the presumption of the mailbox rule concerning receipt of a Request for Review by the Appeals Council).

Here the evidence reveals that plaintiff's attorney wrote a letter dated April 24, 2006, to the Appeals Council office enclosing his copy of the signed Request for Review and requesting copies of the hearing tapes and exhibits. Upon receiving no response, he wrote a follow up letter dated October 18, 2006. The Appeals Council responded by letter dated February 8, 2007, sending copies of the tapes and exhibits, and sent another letter dated November 2, 2007, stating that the Request for Review was not timely filed. Plaintiff's attorney then submitted a sworn affidavit from his assistant that she timely filed the Request for Review by mailing the April 24, 2006 letter. This affidavit of timely mailing is supported by an email four days earlier from

plaintiff's appellate attorney notifying plaintiff's hearing attorney that he would write the Appeals Council brief.

The Commissioner does not contest the applicability of the common law mailbox rule nor controvert plaintiff's evidence of timely mailing the Request for Review on April 24, 2006. Instead the Commissioner asserts that the evidence of mailing necessary to satisfy the Appeals Council is a return receipt for certified mail.[2] However, neither the Notice of Decision nor any agency regulation required plaintiff to mail his appeal to the Appeals Council by certified mail, return receipt requested. Although a return receipt for certified mail may constitute direct and incontrovertible proof of mailing, plaintiff's proffered evidence of timely mailing creates a rebuttable presumption of delivery and receipt. The Commissioner has offered no evidence to rebut that presumption.[3] Applying the common law mailbox rule, the evidence establishes that plaintiff timely filed his Request for Review by mailing. *Anderson,* 966 F2d at 492.

### III.  Waiver of Exhaustion Requirement

Alternatively, even if his appeal was not timely filed, plaintiff argues that the exhaustion requirement should be waived.  "[T]he requirement that a claimant appeal an adverse decision within 60 days is not jurisdictional.  It is waivable by the Secretary or the courts." *Johnson,* 2 F3d at 923 (9th Cir 1993).  However, waiver of the exhaustion requirement is available only where a claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable

---

[2] Plaintiff asserts that mailing by certified mail with return receipt requested might not have helped because the Social Security Administration has been known to refuse to acknowledge receipt of a timely appeal. However, no evidence was submitted to support this assertion.

[3] Plaintiff asks the court to entertain the possibility that the Appeals Council lost part of his file. Based on the number of cases currently remanded by this court to reconstruct the record, he estimates that the Appeals Council loses parts of its files in 3% of the cases. However, no evidence was submitted to support this estimate.

in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Kildare,* 325 F3d at 1082, quoting *Johnson*, 2 F3d at 921.

"A plaintiff's claim is collateral if it is not essentially a claim for benefits." *Johnson,* 2 F3d at 921.  Plaintiff asserts a denial of due process because the Appeals Council "refused to treat as timely the appeal documents which in fact were timely filed and which previously had been acknowledged to have been timely filed." Complaint, ¶ VI.  The Commissioner contends that this claim is not collateral to plaintiff's claim for benefits because he is not challenging a policy or procedure.  However, plaintiff is not claiming any irregularities related to his own benefits, but is mounting a facial challenge to the policy of the SSA.  His theory of recovery is that the SSA has adopted an unreasonable policy by increasing the quantum of evidence necessary to prove the timely filing of appeals by mailing.  Therefore, plaintiff's claim is collateral to his unresolved benefits claim.

Irreparable harm for the purposes of waiver of exhaustion is present where "back payments cannot erase either the experience or the entire effect of" the purported injury. *Kildare*, 325 F3d at 1083 (internal quotations omitted).  "A colorable claim of irreparable harm is one that is not wholly insubstantial, immaterial, or frivolous." *Id* (internal quotations omitted). The Commissioner argues that dismissal of plaintiff's claim causes no irreparable harm because he can simply file a new application.  However, if the ALJ's decision is final and binding, it will have *res judicata* effect on any subsequent application.  In addition, plaintiff's date last insured for DIB has passed.  As a result, if plaintiff is not allowed to pursue this appeal, he will forever lose his right to seek DIB.  Accordingly, plaintiff has shown irreparable harm.

Exhaustion is generally found to be futile when a plaintiff challenges a "systemwide policy" because "nothing is gained from permitting the compilation of a detailed factual record, or from agency expertise." *Kildare,* 325 F3d at 1084; *see also Briggs v. Sullivan*, 886 F2d 1132, 1140 (9th Cir 1989) (finding futility because a detailed record would not "assist a court in determining the merits of appellants' straightforward statutory and constitutional challenge"). Because plaintiff is challenging a policy that violates the common law "mailbox rule," a detailed administrative record regarding the facts of plaintiff's individual benefit claim would not assist the court in assessing the merits of his contentions. Accordingly, plaintiff has satisfied the futility requirement.

In sum, plaintiff has satisfied all of the elements for waiving the exhaustion requirement.

## IV.  Mandamus Jurisdiction

Having established timely filing by mailing or, in the alternative, waiver of the exhaustion requirement, plaintiff requests the court to remand his case to the Appeals Council for review based on mandamus jurisdiction under 28 USC § 1361. Pursuant to 28 USC § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Section 1361 "is an appropriate basis for jurisdiction in an action challenging procedure used in administering social security benefits." *Kildare,* 325 F3d at 1084; *Johnson,* 2 F3d at 924-25. Mandamus jurisdiction is proper where, as here, a Social Security claimant seeks "to vindicate an interest in procedural regularity." *Powderly v. Schweiker,* 704 F2d 1092, 1095 (9th Cir 1983, citing *Ringer v. Schweiker,* 697 F2d 1291, 1293 (9th Cir 1982). Because plaintiff is

9 - FINDINGS AND RECOMMENDATION

challenging the Appeals Council's failure to follow the agency's substantive regulation concerning filing of an appeal and is not appealing the ALJ's denial of benefits, the court may assume mandamus jurisdiction to determine if the Appeals Council failed to perform a duty it owed the plaintiff.  *Kildare,* 325 F3d at 1084; *Johnson,* 2 F3d at 924; *Dietsch,* 700 F2d at 868.

Mandamus relief, however, is an extraordinary remedy that "is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain, (2) the official's duty is nondiscretionary, ministerial and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare,* 325 F3d at 1084 (citations omitted).

As discussed above, plaintiff has presented credible and sufficient evidence of timely filing of his Request for Review by mailing to raise the rebuttable presumption of receipt by the Appeals Council within the requisite 60 days.  The Commissioner has not rebutted the presumption.  Plaintiff's claim for relief is clear and certain in that he seeks judicial enforcement of a procedural regulation and requests remand of his case to the Appeals Council for review. The regulations clearly place a non-discretionary duty on the Appeals Council to review an ALJ decision upon timely filing by a claimant of a Request for Review.  Furthermore, plaintiff has attempted all other avenues of relief, and no other remedy is available to address his procedural claim or enforce his right to review.  *Kildare,* 325 F3d at 1084; *Dietsch,* 700 F2d at 868.  As a result, mandamus relief is available to plaintiff.

## RECOMMENDATION

For the reasons state above, plaintiff either timely filed a request for review as required by 20 CFR § 404.968 or exhaustion of his administrative appeal should be waived.  Therefore, this court has mandamus jurisdiction to compel the Appeals Council to perform its

non-discretionary duty to review plaintiff's request after a timely Request for Review.

Accordingly, the Commissioner's Motion to Dismiss (docket #8) should be DENIED and this

matter should be remanded to the Appeals Council for review pursuant to 20 CFR §§ 404.967-

.968.

## **SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due  November 10, 2008.  If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 24th day of October, 2008.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge